J-S90042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOMER RICHARD CLIFFORD SR., | |
| Appellant | No. 1346 EDA 2016 |

Appeal from the PCRA Order April 11, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003562-2011

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 23, 2016**

Homer Richard Clifford Sr. ("Appellant") appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which dismissed as untimely his third petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court set forth the relevant facts and procedural history of this appeal in a non-precedential memorandum affirming the order denying Appellant's second PCRA petition as follows:

> On July 7, 2011, the victim, then 21 years old, reported to the Coatesville Police Department that she had been sexually assaulted by [Appellant], her grandfather, on at least two occasions, when she was under the age of 13

---

[1] 42 Pa.C.S. §§ 9541-9546.

years old.[2] On April 30, 2012, [Appellant], represented by retained counsel, entered a guilty plea to the above-stated charges. The trial court deferred sentencing and ordered [Appellant] to undergo an assessment by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine whether he was a sexually violent predator under Megan's Law.[2]

> [2] We note that, effective December 20, 2012, Megan's Law was replaced by the Sexual Offenders Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

On October 11, 2012, the trial court held a combined Megan's Law/sentencing hearing. [Appellant] did not contest the findings of the SOAB evaluator as outlined in his assessment, and accordingly, the trial court determined [Appellant] met the criteria for classification as a sexually violent predator. *See* N.T. 10/11/2012, at 3-7. The court then proceeded to sentence [Appellant] to two consecutive mandatory minimum terms of five to 10 years' imprisonment[3] for [each] charge of IDSI, and two concurrent sentences of six to 12 months' imprisonment for the charges of endangering the welfare of a child and corruption of minors. Accordingly, the court imposed an aggregate sentence of 10 to 20 years' imprisonment.

> [3] Although not specified in the record, it appears the mandatory minimum sentences were imposed pursuant to 42 Pa.C.S. § 9718 (Sentences for offenses against infant persons).

[Appellant] did not file a post-sentence motion within 10 days of sentencing. Rather, on November 13, 2012, [Appellant] filed a petition for leave to file post sentence motions *nunc pro tunc*.[4] The court initially granted the petition, and [Appellant] filed a post-sentence motion challenging the validity of his plea and the discretionary aspects of his sentence. Thereafter, on November 26,

_____

[2] Appellant was born on October 23, 1946.

- 2 -

2012, retained defense counsel filed a petition to withdraw so that [Appellant] could apply for a public defender. The court granted the petition to withdraw on January 7, 2013, and appointed the Public Defender's Office to represent [Appellant].

[4] Post-sentence motions must be filed "no later than 10 days after the imposition of sentence." Pa.R.Crim.P. 720(A)(1). Here, [Appellant] sought permission to file a post-sentence motion *nunc pro tunc* on the thirty-third day after the imposition of sentence. However, the 30th day, November 10, 2012, fell on a Saturday, and Monday, November 12, 2012, was a court observed holiday, namely, Veteran's Day. Therefore, if [Appellant] had filed a **notice of appeal** on November 13, 2012, it would have been timely filed.

We note the trial court expressly granted [Appellant]'s petition to file a post-sentence motion *nunc pro tunc* on November 13, 2012, which was, as noted above, the 30th day after sentencing. When a trial court expressly grants *nunc pro tunc* relief within the 30-day period following the imposition of sentence, the post-sentence motion is considered timely filed. ***See Commonwealth v. Dreves***, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*). However, as explained *infra*, the trial court later designated the post sentence motion as a PCRA petition. As such, unfortunately, any relief to which [Appellant] may have been entitled is now lost since the instant appeal is from an untimely second PCRA petition. ***See infra***.

However, on January 11, 2013, the trial court entered an order stating that [Appellant]'s putative post-sentence motion was "in fact [Appellant's] first PCRA petition." Order, 1/11/2013 (footnote omitted). The court directed counsel to file either an amended petition or a petition for leave to withdraw pursuant to ***Turner***/***Finley***,[5] within 60 days. ***See id.*** Counsel complied with the court's directive, and filed a petition to withdraw and accompanying ***Turner***/***Finley*** "no merit letter" on March 14, 2013. On

April 24, 2013, the PCRA court sent [Appellant] notice of its intent to dismiss his petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. [Appellant] did not file a response, and, accordingly, on June 21, 2013, the court entered an order dismissing the PCRA petition. Thereafter, [Appellant] filed a timely, *pro se* appeal to this Court; however, the appeal was dismissed on November 26, 2013, when [Appellant] failed to file a brief. *See* Order, 11/26/2013.

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

Nearly one year later, on October 10, 2014, [Appellant] filed a *pro se* document titled, "Legal Letter of Notice of Withdraw of Guilty Plea," in which he asserted, *inter alia*, (1) he had newly discovered evidence that the detective who questioned him was involved in a corruption scandal, and (2) the detective had tricked him into going to the police station without an attorney. The PCRA court appointed counsel on October 27, 2014, and directed counsel to file either an amended petition or a "no merit" letter within 60 days. However, on November 6, 2014, [Appellant] filed another *pro se* motion to withdraw his guilty plea.

Thereafter, on December 23, 2014, appointed counsel filed a petition to withdraw and accompanying *Turner*/*Finley* "no merit" letter. [Appellant] responded by filing a *pro se* objection to counsel's petition to withdraw, and asserting, *inter alia*, the illegality of his mandatory minimum sentences under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On February 4, 2015, the PCRA court, once again, notified [Appellant] of its intent to dismiss his petition pursuant to Rule 907…. On March 10, 2015, the PCRA court dismissed [Appellant]'s petition as untimely filed[.]

*Commonwealth v. Clifford*, 910 EDA 2015, unpublished memorandum at 2-6 (Pa.Super. filed November 30, 2015) (footnote omitted). On November 30, 2015, this Court affirmed the order dismissing Appellant's PCRA petition.

On February 8, 2016, Appellant filed a document entitled "Petition for Writ of Habeas Corpus Nunc Pro Tunc/(Amended)." On March 9, 2016, the PCRA court properly treated Appellant's filing as a PCRA petition[3] and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the notice on March 28, 2016, and on April 11, 2016, the PCRA court dismissed Appellant's petition. On April 27, 2016, Appellant timely filed a notice of appeal.

Appellant raises the following issues for our review:

> HAS THE PCRA COURT CONTINUED TO ERROR IN DISMISSING MY APPELLANT CLAIMS OF INEFFECTIVENESS OF ASSISTANCE OF COUNSEL OF ATTORNEY DANIEL ARMSTRONG, FROM THE INCEPTION OF HIS SERVICES UNTIL HIS ABANDONMENT OF ME, THE SAID APPELLANT AT THE END OF THE SENTENCING HEARING?
>
> HAS THE PCRA COURT CONTINUED TO ERROR IN DENYING THAT THE ACTIONS OR OMISSIONS OF ASSISTANCE OF COUNSEL AND THE COURT AND ITS OFFICERS, HAS BEEN JUDICIALLY PREJUDICIAL TO ME THE SAID APPELLANT, IN FAILING TO PROTECT MY CONSTITUTIONAL RIGHT OF DIRECT APPEAL.
>
> HAS THE PCRA COURT CONTINUED TO ERROR BY CHARGING SAID APPELLANT WITH UNTIMELINESS, WHILE AT THE SAME TIME, THE TRIAL/PCRA COURT'S PUBLIC DEFENDER WAS THE SAID APPELLANT'S COUNSEL DURING THE 60 DAY WINDOW AND FAILED TO PROTECT MY CONSTITUTIONAL RIGHT OF DIRECT APPEAL?

---

[3] "[A]ny motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super.2013).

HAS THE PCRA COURT CREATED A DOUBLE STANDARD BY ACKNOWLEDGING THAT THERE WERE FACTUAL DESCRIPTIONS OF EVENTS AND CIRCUMSTANCES IN MY CASE, INVOLVING INTERACTION WITH THE SAID ASSISTANCE OF COUNSEL AND YET, DISMISS AS NOT BEING OF MATERIAL MERIT?

HAS THE PCRA COURT ERRORED IN FAILING TO ACKNOWLEDGE THAT I, SAID APPELLANT WAS DEPRIVED THE STATUTORY RIGHT TO HAVE COUNSEL AND WITNESSES AND TESTIFY AND BE HEARD DURING THE S.O.A.B. PORTION OF THE SENTENCING HEARING OF WHICH THERE WAS NONE IN VIOLATION OF (42 PA.C.S. 9791.1), NUMERAL POINTS 16 THROUGH 23?

HAS THE PCRA COURT CONTINUE TO CRY UNTIMELINESS TO MASK THE ERROR OF THE TRIAL/PCRA COURT TO NOT PROTECT SAID APPELLANT'S CONSTITUTIONAL DIRECT APPEAL RIGHT AND ALSO TO PREVENT ALL TRUTH FROM BEING BROUGHT FORTH THAT WOULD CHALLENGE THE LEGALITY OF MY CONVICTION AND SENTENCE?

ALSO THAT THE TRIAL COURT AND THE PCRA COURTS CONTINUE TO DENY ANY MISCARRIAGE OF JUSTICE, PREJUDICE, AND DENIAL OF ANY CONSTITUTIONAL SAFEGUARD VIOLATIONS OF THE 5TH 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION? 42 PA.C.S. 9543(A)(2)(i).

FURTHERMORE, UNDER THE NEW SUBSTANTIVE RULE OF LAW CONCERNING SENTENCES THAT THE STATE IMPOSES, THAT THE CONSTITUTION FORBIDS SUBSTANTIVE CONSTITUTIONAL RULES INCLUDE, "RULES FORBIDDING CRIMINAL PUNISHMENT OF CERTAIN PRIMARY CONDUCT" AND RULES PROHIBITING CERTAIN CATEGORY OF PUNISHMENT FOR A CLASS OF DEFENDANTS BECAUSE OF THEIR STATUES OF OFFENSE". THEREFORE, I WISH TO PRESERVE FOR APPEAL, OR SUA SPANTE BY THIS HONORABLE COURT, THE CONSTITUTIONAL CHALLENGE TO THE MANDATORY MINIMUM SENTENCE IMPOSED ON ME THE APPELLANTS ILLEGAL AND UNCONSTITUTIONAL. I WISH TO CHALLENGE UNDER COLLATERAL REVIEW THE LEGALITY

OF MY TIME BARRED SENTENCE AS ILLEGAL UNDER: *MONTGOMERY VS. LOUISIANA* (2016); *MILLER VS. UNITED STATES* (2013); *COMMONWEALTH VS. NEWMAN* (2014); AND *COMMONWEALTH VS. WOLFE* (2014). AN UNCONSTITUTIONAL ILLEGAL SENTENCE IS A NON-WAIVER ABLE ISSUE.

Appellant's Brief at 1-2 (verbatim).

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed

more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

 (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

 (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).   These "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super.2007).  Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as this Court noted in our non-precedential memorandum affirming the dismissal of Appellant's second PCRA petition, Appellant's judgment of sentence became final on November 13, 2012, when the time period in which he could have filed a notice of appeal with this Court expired. *See* 42 Pa.C.S. § 9545(b)(3).  Thus, he had until November 13, 2013 to file

- 8 -

a timely PCRA petition. The present petition, filed February 8, 2016, is patently untimely. Thus, we must determine whether Appellant has pled and proved any exceptions to the PCRA time limitation.

Appellant attempts to invoke the constitutional right exception provided by 42 Pa.C.S. § 9545(b)(1)(iii), but his attempt fails.

Appellant first alleges he is entitled to relief based on **Montgomery v. Louisiana**, ___ U.S. ___, 2016 WL 280758 (filed January 25, 2016) and **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012). In **Miller**, the Supreme Court held that a life sentence without the possibility of parole for juvenile offenders violates the constitutional right provided by the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment. **Miller**, 132 S.Ct. at 2469. In **Montgomery**, the Supreme Court held that this new substantive rule applies retroactively to cases on collateral review. **Montgomery**, 136 S.Ct. at 724. Neither of these cases, nor any other United States Supreme Court or Pennsylvania Supreme Court case, held that a lengthy sentence for an adult offender violates one's Eighth Amendment constitutional right or that such substantive right applies retroactively. Thus, Appellant is not entitled to relief under this theory.

Next, Appellant argues that his sentence included an illegal mandatory minimum and should be vacated pursuant to **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super.2014) (*en banc*), and **Commonwealth v. Wolfe**, 106

A.3d 800, 801 (Pa.Super.2014). As Appellant notes, questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa.2014). In **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct, 2151, 186 L.Ed.2d 314 (2013), the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.**, 133 S.Ct. at 2155. Issues pertaining to **Alleyne** directly implicate the legality of sentence. **Wolfe**, 106 A.3d at 801. In **Newman**, this Court held that the preponderance of the evidence standard in section 42 Pa.C.S. § 9712.1(c) is unconstitutional under **Alleyne**.

Unfortunately for Appellant, to qualify for the constitutional right exception to the PCRA time limitation, Appellant must plead and prove that the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a constitutional right and that the right "**has been held** by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). In **Commonwealth v. Washington**, 142 A.3d 810 (Pa.2016), the Supreme Court of Pennsylvania held that **Alleyne** does not apply retroactively to cases pending on collateral review. Neither the Supreme Court of Pennsylvania nor the Supreme Court of the United States has held that **Alleyne** applies retroactively. Thus, Appellant's petition

remains time-barred, and the PCRA court correctly determined it lacked jurisdiction to hear it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016